598 May 13, 2026 No. 412

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

XAVIER DORRELL BOLDEN,
*Petitioner-Appellant,*

*v.*

Joshua HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
20CV33316; A183810

Patricia A. Sullivan, Senior Judge.

Submitted April 7, 2026.

Margaret Huntington and Equal Justice Law filed the brief for appellant. Xavier Bolden filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying post-conviction relief from a conviction of murder. On appeal, petitioner raises two counseled assignments of error and two *pro se* assignments of error, contending that the post-conviction court erred by denying relief on his inadequate assistance of counsel claims. We affirm.

We review a post-conviction court's grant or denial of relief for legal error accepting the court's implicit and explicit factual findings if there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). To be entitled to post-conviction relief, under the state and federal constitutions, petitioner must demonstrate both that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing inadequate/ineffective assistance of counsel claims are "functionally equivalent").

In petitioner's first assignment of error, he contends that the post-conviction court erred when it denied petitioner relief on his claim of ineffective assistance of counsel for failing to challenge a prosecutor's peremptory strike as race based. *See Batson v. Kentucky*, 476 US 79, 89, 106 S Ct 1712, 90 L Ed 69 (1986) (explaining that the Equal Protection Clause prohibits prosecutors from challenging potential jurors solely on account of race). Petitioner failed to introduce evidence to support that it was unreasonable for trial counsel not to assert a *Batson* challenge, beyond his declaration that "[t]he state used one of its peremptory challenges to exclude [the only Black] juror, thus assuring that no member of the jury was Black." *See Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002) ("To prevail [on a claim of ineffective assistance of counsel], petitioner must demonstrate, by a preponderance of the evidence, that [counsel] failed to exercise reasonable professional skill and judgment * * *.").

In petitioner's second assignment of error, he contends that the post-conviction court erred when it denied

him relief on his claim of ineffective assistance of counsel for failing to request a curative instruction, after the victim's sister made a racist comment during closing argument. Counsel's tactical decision not to request a curative instruction was reasonable. Counsel believed a curative instruction would draw additional attention to the statement. *See Delgado-Juarez v. Cain*, 307 Or App 83, 92, 475 P3d 883 (2020) (tactical decisions resulting from "appropriate consideration of the risks and benefits of the decision" not unreasonable) (internal quotation marks and emphasis omitted); *cf. State v. Chitwood*, 370 Or 305, 326, 518 P3d 903 (2022) ("A defense lawyer's concern about drawing further attention to objectionable information is legitimate and supported by empirical evidence."). Counsel also addressed the outburst in a manner that aligned with his strategy, reminding the jury to disregard it and describing it generally as "behavior like you just witnessed." *See Strickland v. Washington*, 466 US 668, 689, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (trial counsel has "wide latitude" in making tactical decisions).

In petitioner's first *pro se* assignment of error, he contends that the post-conviction court erred when it denied relief on his ineffective assistance of counsel claim based on counsel's failure to safeguard an allegedly exculpatory photograph. Trial counsel denied having lost any evidence from petitioner, and the court found trial counsel credible on that point. We are bound by that finding. *See Newmann v. Highberger*, 330 Or App 229, 233, 543 P3d 172, *rev den*, 372 Or 588 (2024) (post-conviction court's credibility finding bound court on appeal).

In petitioner's second *pro se* assignment of error, he contends that the post-conviction court erred when it denied relief on his claim of ineffective assistance of counsel for failing to hire an expert witness to testify about infrared imaging. Infrared surveillance footage, in addition to eyewitness testimony, was used to place petitioner at the nightclub where the murder occurred. Trial testimony addressed how various camera settings and lighting conditions impact the appearance and color of clothes and skin on infrared cameras. Petitioner did not explain or present evidence addressing how an expert would have added distinct information.

*See Zyst v. Kelly*, 338 Or App 597, 630-31, 566 P3d 1121, *rev den*, 374 Or 188 (2025) (petitioner's failure to explain or produce evidence "that would have been discovered and introduced at the criminal trial" did "not meet the required standard in failure-to-investigate cases").

Affirmed.